IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHELCIE BAKER,

                Plaintiff,

v.                                                                                         CIVIL ACTION NO. 2:15-cv-13849

C.O. DALE HAMMONS et al.,

                Defendants.

MEMORANDUM OPINION & ORDER

Pending before the court is the Motion to Dismiss [ECF No. 28] filed by the West Virginia Regional Jail and Correctional Facility Authority ("Authority"). The plaintiff has responded to and the Authority has replied in support of the Motion, making the Motion ripe for adjudication. Pl.'s Resp. [ECF No. 32]; Authority's Reply [ECF No. 40]. For the reasons stated below, the court **GRANTS** the Motion and **DISMISSES** the plaintiff's claims against the Authority.[1]

I.     Background

The plaintiff alleges she was "sexually harassed, sexually abused[,] and sexually exploited by [Correctional Officer Dale] Hammons" while incarcerated at

---

[1] The Memorandum Opinion & Order is entered solely upon motion of the Authority. To be clear, the only claims dismissed are those claims brought against the Authority. The claims against the West Virginia Division of Corrections were dismissed by stipulation. Stipulation [ECF No. 35]. This case remains with the court because the individual defendants have not moved to dismiss the § 1983 claims and the state law claims asserted against them.

Southern Regional Jail in Beaver, West Virginia. Am. Compl. ¶ 2 [ECF No. 20]. Specifically, she alleges Hammons made "sexually explicit comments . . . concerning the appearance of her body and his lascivious desires for her" and on multiple occasions forced the plaintiff "to perform oral sex," "touched her vaginal area with his hands," and "forced her to engage in vaginal intercourse with him." *Id.* The plaintiff further alleges that, [s]ince the opening of Southern Regional Jail, there has existed a continuing practice and pattern of sexual harassment, sexual abuse[,] and sexual assault visited upon women at the hands of correctional staff." *Id.* ¶ 4.

On May 13, 2015, the plaintiff filed her Complaint [ECF No. 1-2] against the Authority and several other defendants, including Hammons, in the Circuit Court of Kanawha County, West Virginia. The case was removed to the United States District Court for the Southern District of West Virginia on October 9, 2015. Notice of Removal [ECF No. 1]. On December 7, 2015, the plaintiff filed her Amended Complaint. The Authority now moves to dismiss the plaintiff's Amended Complaint.

## II. Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550

U.S. at 570). A facially plausible claim is one accompanied by facts allowing the court to draw the reasonable inference that the defendant is liable, facts moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

### III. Discussion

The Authority argues the plaintiff failed to exhaust her administrative remedies, mandating dismissal of the plaintiff's Amended Complaint. "[A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). But a district court may, nevertheless, "dismiss[ ] a complaint where the failure to exhaust is apparent from the face of the complaint" or "inquir[e] on its own motion into whether the inmate exhausted all administrative remedies." *Id.* "[H]owever, a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue." *Id.* at 682.

Because the claims against the Authority are not being brought under § 1983 or any other federal law, the exhaustion requirements of 42 U.S.C. § 1997e(a) are not applicable. 42 U.S.C. § 1997e(a) (requiring exhaustion with respect to claims filed by prisoners "under [§ 1983] or any other [f]ederal law."); *see also, e.g., Torres v. Corr. Corp. of Am.*, 372 F. Supp. 2d 1258, 1263 (N.D. Okla. 2005) (finding § 1997e(a) "by its terms" only applies to claim brought under § 1983 or federal law, not to state law claims like a negligence claim). But the exhaustion inquiry does not end here.

West Virginia law requires inmates to exhaust their administrative remedies before instituting any civil action. W. Va. Code § 25-1A-2(c); *see also id.* § 25-1A-1(a) (defining "civil action," in part, as "any action . . . filed by any current or former inmate . . . with respect to conditions of confinement, including . . . civil actions under 42 U.S.C. § 1983 and other federal and state laws and negligence actions"). The plaintiff claims she is exempt from the exhaustion requirement under section 25-1A-2a of the West Virginia Code.[2] If she had filed her claim before July 11, 2013, she may have been correct.

Prior to July 11, 2013, an inmate would be relieved of his or her obligation to exhaust administrative remedies if his or her civil action "alleg[ed] past, current[,] or imminent physical or sexual abuse." W. Va. Code § 25-1A-2(c) (2000); *see also White v. Haines*, 618 S.E.2d 423, 431 (W. Va. 2005) ("The language of this subsection, in clear and simple language, explicitly waives the exhaustion of administrative remedies requirement for cases . . . in which the inmate is alleging physical or sexual abuse."). But an amended version of this statute—which requires exhaustion—became effective in 2013: "[N]o inmate shall be prevented from . . . bringing a civil or criminal action alleging violence, sexual assault[,] or sexual abuse, *after exhaustion*

---

[2] The court assumes—without deciding—the nexus between the conduct of Hammons and the allegations concerning the Authority and its employees suffices to make this civil action one that alleges violence, sexual assault, or sexual abuse. See *White v. Haines*, 618 S.E.2d 423, 431–42 (W. Va. 2005) (construing the case as involving allegations of physical and sexual abuse because the plaintiff complained he was beaten and raped by other prisoners and alleged "prison officials had not, in his opinion, properly addressed his concerns or provided for his personal safety following [the] incident"). To the extent this case does not allege violence, sexual assault, or sexual abuse, the outcome remains the same (i.e., the plaintiff was required—but failed—to exhaust administrative remedies). W. Va. Code § 25-1A-2(c) ("An inmate may not bring a civil action regarding an ordinary administrative remedy until the procedures promulgated by the agency have been exhausted.").

4

*of administrative remedies.*" W. Va. Code § 25-1A-2a(i) (emphasis added); *see also* W. Va. Code § 25-1A-2a(g) ("An administrative remedy for an allegation of violence, sexual assault[,] or sexual abuse against an inmate is considered exhausted when the inmate's grievance has complied with duly promulgated rules and regulations regarding inmate grievance procedures . . . ."); W. Va. Code R. § 90-9-7 (outlining special grievance procedures for allegations of sexual abuse); W. Va. Code R. § 90-9-8 (outlining special grievance procedures for allegations of violence and imminent violence).

After the issue of exhaustion was raised by the Authority in its Motion, the plaintiff addressed the issue and sought to avoid the exhaustion requirement. The plaintiff neither argued nor offered evidence she exhausted her administrative remedies prior to filing this lawsuit; she neither claimed nor presented reasons why she was unable to or failed to exhaust her administrative remedies. Instead, she merely argued she was excused from exhaustion based on statutory language no longer in force. *Compare* W. Va. Code § 25-1A-2(c) (2000) ("[N]o inmate shall be prevented from filing an appeal of his or her conviction or bringing a civil or criminal action alleging past, current[,] or imminent physical or sexual abuse . . . ."), *with* W. Va. Code § 25-1A-2a(i) ("[N]o inmate shall be prevented from filing an appeal of his or her conviction or from bringing a civil or criminal action alleging violence, sexual assault[,] or sexual abuse, *after exhaustion of administrative remedies.*" (emphasis added)). The plaintiff had ample opportunity to address the issue of exhaustion, but her response was woefully insufficient.

5

Put simply, section 25-1A-2a of the West Virginia Code requires an inmate to exhaust his or her administrative remedies even in cases involving violence, sexual assault, or sexual abuse—albeit under special grievance procedures. Because the plaintiff had the opportunity to address the issue of exhaustion and failed to show she exhausted her administrative remedies or was excused from doing so, the court **GRANTS** the Authority's Motion to Dismiss on this ground.

IV. Conclusion

The court **GRANTS** the Motion to Dismiss [ECF No. 28] and **DISMISSES** the plaintiff's claims against the Authority.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 9, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE