IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHELCIE BAKER,

        Plaintiff,

v.                                        CIVIL ACTION NO. 2:15-cv-13849

C.O. DALE HAMMONS, et al.,

        Defendants.

MEMORANDUM OPINION & ORDER

Pending before the court is the Motion for Relief [ECF No. 49] filed by the plaintiff, Chelcie Baker. The West Virginia Regional Jail and Correctional Facility Authority ("Authority") has responded to and the plaintiff has replied in support of the Motion for Relief, making the Motion for Relief ripe for adjudication. Resp. [ECF No. 51]; Reply [ECF No. 52]. For the reasons that follow, the court **DENIES** the Motion.

On February 9, 2016, the court dismissed the plaintiff's claims against the Authority because the plaintiff failed to exhaust her administrative remedies. Mem. Op. & Order [ECF No. 47]. The issue of exhaustion was raised by the Authority in its Motion to Dismiss [ECF No. 28], and "the plaintiff addressed the issue and sought to avoid the exhaustion requirement" in her Response to the Motion to Dismiss [ECF

No. 32]. Mem. Op. & Order 5. As the court noted, the plaintiff offered a single argument regarding exhaustion:

> The plaintiff neither argued nor offered evidence she exhausted her administrative remedies prior to filing this lawsuit; she neither claimed nor presented reasons why she was unable to or failed to exhaust her administrative remedies. Instead, she merely argued she was excused from exhaustion based on statutory language no longer in force. The plaintiff had ample opportunity to address the issue of exhaustion, but her response was woefully insufficient.

*Id.* (citations omitted).

Now the plaintiff returns to the court, seeking relief from the previous Memorandum Opinion & Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure because "counsel previously failed to incorporate relevant facts and key legal authorities which serve to excuse her failure to file a grievance." Mot. Relief 1. The plaintiff offers—for the first time—four specific reasons she is entitled to relief and exhaustion should be excused. *First*, the Authority was required to and failed to promulgate rules and regulations regarding grievance procedures for allegations of sexual assault or sexual abuse, which prevented the plaintiff from exhausting her administrative remedies. Mem. Supp. Mot. Relief 2 [ECF No. 50] ("Simply put, plaintiff could not avail herself of nonexistent special grievance procedures for allegations of 'sexual abuse or sexual assault.'"). *Second*, the plaintiff's pre-suit notification "served essentially the same purpose as a presuit [sic] 'grievance' would have served," allowing her to proceed despite her failure to exhaust administrative remedies. *Id.* at 3. *Third*, she "failed to report her victimization out of fear of retaliation." *Id.* at 4. *Fourth*, her failure to exhaust administrative remedies should

be excused because the West Virginia Prisoner Litigation Reform Act does not toll statutes of limitation, which could result in a statute of limitation barring some claims. *Id.* ("Exhaustion of administrative remedies conceivably could consume a period exceeding one year thus extinguishing a victim's ability to maintain that claim in a civil action seeking an award of damages.").

Rule 60(b) provides an avenue for a party to seek relief from a final judgment, order, or proceeding. A party seeking relief under Rule 60(b) "must make a threshold showing of 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Lynn v. Alexander*, 474 F. App'x 950, 951 (4th Cir. 2012) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). After making the threshold showing, the party "then must establish: '(1) excusable neglect, (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief.'" *Id.* (quoting *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997)).

The foundation for the plaintiff's Motion for Relief is deficient, and she is not entitled to the relief she seeks regardless of whether she is moving for relief due to "excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).[1] The plaintiff readily admits that counsel "fail[ed] to advance a fully developed

---

[1] The plaintiff specifically claims "[her] motion is grounded in the catch-all clause of Rule 60(b)(6)." Mem. Supp. Mot. Relief 4. The caption of her Motion for Relief also refers to Rule 60(b)(6). But the plaintiff invokes Rule 60(b)(1), quoting and laxly applying the "excusable neglect" standard as articulated by the Supreme Court of Appeals of West Virginia in *Delapp v. Delapp*, 584 S.E.2d 899 (W. Va. 2003). Mem. Supp. Mot. Relief 3.

3

argument" regarding her failure to exhaust. Mem. Supp. Mot. Relief 3; *see also* Mot. Relief 1 ("[C]ounsel previously failed to incorporate relevant facts and key legal authorities which serve to excuse her failure to file a grievance . . . ."); Mem. Supp. Mot. Relief 5 n.i ("Counsel apologizes to the court for the confusion and inconvenience caused by counsel's failure to include this segment of plaintiff's argument in the prior memorandum in opposition to the motion to dismiss."). But counsel's failure to construct complete arguments in the first instance does not give rise to the relief the plaintiff seeks. *Evans v. United Life & Accident Ins.*, 871 F.2d 466, 472 (4th Cir. 1989) ("[A] lawyer's ignorance or carelessness do not present cognizable grounds for relief under [Rule] 60(b)."). For this reason alone, the plaintiff is not entitled to the relief she seeks.

Accordingly, the court **DENIES** the plaintiff's Motion for Relief [ECF No. 49].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 1, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4